IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH KAISAM                                   *
       Petitioner,
v.                                              *   CIVIL ACTION NO. JKB-16-2673

UNITED STATES IMMIGRATION AND                   *
  CUSTOM ENFORCEMENT (ICE)
       Respondent.                              *
                                                *****

## MEMORANDUM

On July 25, 2016, the court received for filing the above-captioned petition for writ of mandamus, filed by Joseph Kaisam ("Kaisam"), an Immigration and Customs Enforcement ("ICE") detainee housed at the Buffalo Federal Detention Facility.[1] Kaisam states that ICE has failed to comply with its obligation to release him from its detainer warrant and claims that although ordered removed in December 2014, ICE still remains unable to obtain the travel documents to repatriate him to Sierra Leone. ECF No. 1. He seeks mandamus relief to compel his immediate release or "immediate consideration." Kaisam has not filed the $400.00 civil filing fee or an indigency application. He shall not be required to cure this deficiency.

To the extent that he is seeking to compel ICE to remove the detainer, he has no entitlement to such mandamus relief. Title 28 U.S.C. § 1361 confers "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff." Mandamus is an "extraordinary remedy," *Miller v. French*, 530 U.S. 327, 339 (2000),

---

[1] The state court docket shows that on September 10, 2015, Kaisam pled guilty to one count of second-degree assault on an agreed statement of facts and was sentenced to serve an 18-month term. *See State v. Kaisam*, Case No. 23K15000134 (Cir. Ct. for Worcester County) (copy attached). He was released from state custody to his federal immigration detainer at some point after May of 2016. *See Kaisam v. State*, Civil Action No. JKB-16-1642 (D. Md.)

and should only be used in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). The conditions necessary for issuance of a writ of mandamus against federal officials are clear. Kaisam must show that he has the clear and indisputable legal right to the relief sought; Respondent has a legal duty to do the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief she seeks; and the issuance of the writ will effect right and justice in the circumstances. *See Kerr*, 426 U.S. at 403; *Cumberland County Hospital System, Inc. v. Burwell*, --- F.3d ---, ---, 2016 WL 860334, * 3 (4th Cir. 2016). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

Kaisam has failed to show that ICE has a clear duty to release him, once taken into their custody. Further, he cannot show that there is no other adequate means to attain the relief he seeks.[2] Consequently, this court has no authority to provide the relief sought by Kaisam. A separate Order follows denying mandamus relief.

Date: Jul 26, 2016

James K. Bredar
United States District Judge

---

[2] For example, Kaisam may file a 28 U.S.C. § 2241 petition for habeas corpus relief in the federal district where he is confined. This would currently be the United States District Court for the Western District of New York, Robert H. Jackson Courthouse, 2 Niagara Square, Room 200, Buffalo, New York 14202-3350. A sample copy of a 28 U.S.C. § 2241 form shall be sent to Kaisam so that he may file the petition in the United States District Court in New York.